**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **ROBERT McQUEEN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 11-724** |
| **PATROLMAN D. WILLIAMS** | **SECTION "N"(3)** |

## REPORT AND RECOMMENDATION

Plaintiff, Robert McQueen, a state prisoner, filed this *pro se* and *in forma pauperis* civil action pursuant to 42 U.S.C. § 1983. He named as defendants the State of Louisiana, the City of Covington, District Attorney Walter Reed, Patrolman D. Williams, Sergeant Osburn, Lieutenant Sharp, and Clerk of Court Malise Prieto.

Plaintiff alleges that he was subjected to a stop and search without a warrant by Patrolman Williams in Covington, Louisiana, on June 23, 2007. During the search, Williams seized $7,184.00 in cash from plaintiff and turned it over to Sergeant Osburn.

Plaintiff was then arrested based on an outstanding warrant, and he was released after posting bond. He requested return of the seized cash; however, Osburn said that a narcotics dog had detected the presence of drugs on the cash, and so it was given to Lieutenant Sharp for the institution of forfeiture proceedings.

Sharp thereafter arrested plaintiff for violating La.Rev.Stat.Ann. § 40:1041(A).[1] He pleaded guilty to that charge and was sentenced to one year in prison.[2]

Sharp also procured from Judge William Burris of the Louisiana Twenty-Second Judicial District Court an order of forfeiture of the seized cash.  Plaintiff appealed that order; however, the appeal has been stayed pursuant to La.Rev.Stat.Ann. § 15:1186(B)(2) until all filing fees are paid.[3]

---

[1]   La.Rev.Stat.Ann. § 40:1041(A) provides:

It is unlawful for any person knowingly or intentionally to conduct a financial transaction involving proceeds known to be derived from a violation of R.S. 40:966 et seq. when the transaction is designed in whole or in part to conceal or disguise the nature, location, source, ownership, or the control of the proceeds known to be derived from such violation or to avoid a transaction reporting requirement under state or federal law.

[2]   He does not challenge that conviction in this lawsuit.  Rec. Doc. 2, p. 7 n.2

[3]   Under La.Rev.Stat.Ann. § 15:1186, a prisoner may  be granted permission to proceed as a pauper with respect to a civil action, appeal, or writ application.  However, the law provides:

The order granting a prisoner's request to proceed in forma pauperis automatically stays all proceedings, including any service of process, until all costs of court or fees due the clerk by the prisoner in this matter are paid.  During the pendency of the stay the prisoner may not take any action to prosecute the suit, including but not limited to filing any pleadings, discovery, or motions other than a motion for voluntary dismissal or a motion to lift the stay because all costs have been paid.

La.Rev.Stat.Ann. § 15:1186(B)(2)(a).  The law further provides that "[i]f the prisoner does not pay the full court costs or fees within three years from when they are incurred, the suit shall be abandoned and dismissed without prejudice."  Id. § 15:1186(B)(2)(c).

In this lawsuit, plaintiff challenges the legality of the seizure and forfeiture of the cash.  He also challenges the constitutionality of La.Rev.Stat.Ann. § 15:1186(B)(2).

I.  Standards of Review

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).  Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
>> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
>> (i) is frivolous or malicious;
>> (ii) fails to state a claim on which relief may be granted; or
>> (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous "if it lacks an arguable basis in law or fact."  Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In making a determination as to whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory,

3

but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face.  Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted).  The United States Supreme Court has explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citations and quotation marks omitted).

Although broadly construing plaintiff's complaint,[4] the undersigned finds that plaintiff's federal civil rights claims should be dismissed as frivolous, for failing to state a claim on which relief may be granted, and/or for seeking monetary damages against a defendant who is immune from such relief.

---

[4]    The court must liberally construe a *pro se* civil rights complaint.  See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

<u>II.  § 1983 Claims</u>

Plaintiff filed this lawsuit on a complaint form to be used by prisoners bringing civil actions pursuant to 42 U.S.C. § 1983.  In pertinent part, that statute provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

42 U.S.C. § 1983.  Plaintiff's § 1983 claims against the named defendants fail for the following reasons.

<u>A.  State of Louisiana</u>

The State of Louisiana is an improper defendant because a state is not a "person" subject to suit under § 1983.  <u>Will v. Michigan Department of State Police</u>, 491 U.S. 58, 66 (1989); <u>Laxey v. Louisiana Board of Trustees</u>, 22 F.3d 621, 623 n.2 (5th Cir. 1994); <u>Cronen v. Texas Department of Human Services</u>, 977 F.2d 934, 936 (5th Cir. 1992); <u>Tyson v. Reed</u>, Civ. Action No. 09-7619, 2010 WL 360362, at *3 (E.D. La. Jan. 21, 2010).

Moreover, in any event, any § 1983 claim against the state would also be barred by the Eleventh Amendment.  The United States Supreme Court has held:  "[I]n the absence of consent a suit in which the State ... is named as the defendant is proscribed by the Eleventh Amendment.  This jurisdictional bar applies regardless of the nature of the relief sought."  <u>Pennhurst State School & Hospital v. Halderman</u>, 465 U.S. 89, 100 (1984) (citations omitted).  The United States Fifth Circuit Court of Appeals has noted:

By statute, Louisiana has refused any such waiver of its Eleventh Amendment sovereign immunity regarding suits in federal court.  See La.Rev.Stat.Ann. § 13:5106(A).

Furthermore, Congress may only abrogate a state's Eleventh Amendment immunity by unequivocally expressing its intent to do so and by acting pursuant to a valid exercise of power.  We note that in enacting § 1983, Congress did not explicitly and by clear language indicate on its face an intent to sweep away the immunity of the States.

Cozzo v. Tangipahoa Parish Council-President Government, 279 F.3d 273, 281 (5th Cir. 2002)

(quotation marks and citations omitted).

For the foregoing reasons, plaintiff's claim against the State must be dismissed.

### B.  City of Covington

Plaintiff has also sued the City of Covington.  It is clear that a municipality can be a proper defendant in a § 1983 action; however, the United States Fifth Circuit Court of Appeals has explained:

In order to hold a municipality or a local government unit liable under Section 1983 for the misconduct of one of its employees, a plaintiff must initially allege that an official policy or custom was a cause in fact of the deprivation of rights inflicted.  To satisfy the cause in fact requirement, a plaintiff must allege that the custom or policy served as a moving force behind the constitutional violation at issue or that [his] injuries resulted from the execution of an official policy or custom.  The description of a policy or custom and its relationship to the underlying constitutional violation, moreover, cannot be conclusory; it must contain specific facts.

Spiller v. City of Texas City, Police Department, 130 F.3d 162, 167 (5th Cir. 1997) (quotation

marks, brackets, and citations omitted).  "A plaintiff may not infer a policy merely because harm

resulted from some interaction with a governmental entity."  Colle v. Brazos County, Texas, 981

F.2d 237, 245 (5th Cir. 1993).  Rather, he must *identify* the policy or custom which allegedly caused

the deprivation of his constitutional rights.  See, e.g., Murray v. Town of Mansura, 76 Fed. App'x

547, 549 (5th Cir. 2003); Treece v. Louisiana, 74 Fed. App'x 315, 316 (5th Cir. 2003). In the instant

case, plaintiff does not even allege that the purported violations here stemmed from an official

policy or custom of the City of Covington, much less identify such a policy or custom. Therefore,

his claim against the city fails.

### C. Walter Reed

Although District Attorney Walter Reed is named as a defendant, plaintiff makes no

allegations against Reed in the complaint. However, the Court assumes that plaintiff is suing Reed

in connection with the challenge to the forfeiture proceedings.

To the extent that plaintiff is suing Reed in his individual capacity for any actions he took[5]

in the forfeiture proceedings, Reed is protected against such a claim by his absolute prosecutorial

immunity. Schrob v. Catterson, 948 F.2d 1402, 1411-12 (3rd Cir. 1991) (finding that prosecutorial

immunity extends to civil forfeiture proceedings); see also Juide v. City of Ann Arbor, Michigan,

No. 95-1822, 1997 WL 73256, at *4-5 (6th Cir. Feb. 19, 1997) (same); Wheeler v. Melsanson, Civ.

Action No. 08-0337, 2008 WL 2874718, at *4 (W.D. La. July 2, 2008) (adopted by Melançon, J.,

on July 24, 2008) (same); Griffin v. Reed, Civ. Action No. 06-6763, 2006 WL 3715778, at *3 (E.D.

La. Dec. 12, 2006) (same); Louis v. Watkins, No. 3:05-CV-1396-L, 2006 WL 2707429, at *4 (N.D.

---

[5]     The Court notes that it is unlikely that Reed personally took any action with respect to those
proceedings; however, even assuming Reed was personally involved, he is entitled to absolute
prosecutorial immunity. To the extent that plaintiff is simply seeking to hold Reed liable for the
actions of his subordinates, such supervisory liability is not recognized in federal civil rights actions.
In a § 1983 lawsuit, a supervisory official is not liable for the actions of his subordinates under any
theory of vicarious liability. Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987); see also Oliver
v. Scott, 276 F.3d 736, 742 (5th Cir. 2002) ("Section 1983 does not create supervisory or *respondeat
superior* liability.").

Tex. Sept. 21, 2006) (same).  Accordingly, the individual-capacity claim against Reed must be dismissed.

To the extent that plaintiff is asserting a claim against Reed in his official capacity, that claim fares no better.  The United States Fifth Circuit Court of Appeals has noted:

> For purposes of "official capacity" suits under § 1983, the district attorney's office resembles other local government entities.  Therefore, we advert to the Supreme Court's development of principles for determining whether a municipality or other local government entity should be held liable under 42 U.S.C. § 1983 for the constitutional tort of its employee.

Burge v. Parish of St. Tammany, 187 F.3d 452, 470 (5th Cir. 1999).  However, as previously explained, in order to hold a local government unit liable under § 1983, a plaintiff must initially allege that an official policy or custom was a cause in fact of the deprivation of rights inflicted.  Again, plaintiff does not allege in this case that the purported violations here stemmed from an official policy or custom.  Accordingly, the official-capacity claim against Reed must likewise be dismissed.

### D.  Patrolman D. Williams, Sergeant Osburn, and Lieutenant Sharp

Plaintiff's claims against Patrolman D. Williams, Sergeant Osburn, and Lieutenant Sharp are interrelated and challenge their respective roles in the seizure and forfeiture of the cash.  However, these claims are essentially asserted in an effort to challenge the propriety and result of the forfeiture proceeding, and this Court has no jurisdiction to consider such a challenge for the following reasons.

The Louisiana Seizure and Controlled Dangerous Substances Property Forfeiture Act of 1989, as amended, sets forth a detailed procedure for the seizure and forfeiture of property used in or derived from illegal drug activities.  La.Rev.Stat.Ann. § 40:2601 *et seq.*  From plaintiff's

complaint, it is apparent that his property was seized and forfeited pursuant to those provisions in the state court proceedings.  Plaintiff now seeks to challenge the results of those state court proceedings in this federal forum by claiming that his property was wrongly seized and forfeited. However, the Rooker/Feldman[6] doctrine prevents this Court from considering those claims.

The United States Fifth Circuit Court of Appeals has noted:

> The Rooker/Feldman doctrine holds that federal district courts lack jurisdiction to entertain collateral attacks on judgments.  A federal complainant cannot circumvent this jurisdictional limitation by asserting claims not raised in the state court proceedings or claims framed as original claims for relief.  If the district court is confronted with issues that are inextricably intertwined with a state judgment, the court is in essence being called upon to review the state-court decision, and the originality of the district court's jurisdiction precludes such a review.

United States v. Shepherd, 23 F.3d 923, 924 (5th Cir. 1994) (footnotes and internal quotation marks omitted).  The Rooker/Feldman doctrine applies to federal challenges to state forfeiture proceedings. See, e.g., Fulton v. Texas, 217 Fed. App'x 371 (5th Cir. 2007); Joseph v. Holiday, No. 00-51060, 2001 WL 803713 (5th Cir. June 13, 2001); Hunter v. City of Houston, No. 96-20324, 1996 WL 661253 (5th Cir. Oct. 23, 1996); Pine v. Brumfield, No. 96-40022, 1996 WL 512070 (5th Cir. Aug. 26, 1996); Wheeler v. Melsanson, Civ. Action No. 08-0337, 2008 WL 2874718, at *5-6 (W.D. La. July 2, 2008) (adopted by Melançon, J., on July 24, 2008); Griffin v. Reed, Civ. Action No. 06-6763, 2006 WL 3715778, at *3-4 (E.D. La. Dec. 12, 2006).  Therefore, this Court lacks jurisdiction to entertain these claims challenging the forfeiture of the cash.

---

[6]   See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

### E.  Malise Prieto

Malise Prieto, the Clerk of the Louisiana Twenty-Second Judicial District Court, is also named as defendant in this action.  Plaintiff makes no allegations against Prieto in the complaint; however, the Court assumes that plaintiff is suing Prieto for the role of the Clerk's Office in enforcing the stay required by La.Rev.Stat.Ann. § 15:1186(B)(2).

To the extent that plaintiff is perhaps claiming that Prieto erroneously interpreted § 15:1186(B)(2) to apply in his state court action, that claim is not of constitutional dimension and, therefore, is not actionable under § 1983.  Hamilton v. Foti, 372 Fed. App'x 480, 484 (5th Cir. 2010).

Moreover, plaintiff's challenge to the constitutionality of § 15:1186(B)(2) is patently frivolous.  The federal courts have repeatedly held that § 15:1186(B)(2) is constitutional.  See, e.g., id. at 484-85; Clifford v. Louisiana, 347 Fed. App'x 21, 23 (5th Cir. 2009); Tyson v. Tanner, Civ. Action No. 08-4445, 2010 WL 2484149, at *7-8 (E.D. La. May, 19, 2010), adopted, 2010 WL 2360583 (E.D. La. June 9, 2010); Tyson v. Tanner, Civ. Action No. 10-132, 2010 WL 1552679, at *2 (E.D. La. Feb. 3, 2010), adopted, 2010 WL 1552722 (E.D. La. Apr. 15, 2010), aff'd, 399 Fed. App'x 960 (5th Cir. 2010); Newson v. Alford, Civ. Action No. 09-6595, 2009 WL 4799146, at *1 and *3 (E.D. La. Dec. 4, 2009); Hamilton v. Attorney General of Louisiana, Civ. Action No. 07-3600, 2008 WL 1836670, at *6-9 (E.D. La. Apr. 23, 2008); Mahogany v. La.R.S. 15:1186(A)(2) and (B)(2)(a), Civ. Action No. 07-1280, 2007 WL 1851941, at *2-6 (E.D. La. June 27, 2007), aff'd, 262 Fed. App'x 636 (5th Cir. 2008).

### III.  State Law Claims

The Court notes that plaintiff also indicates in the complaint that he is asserting claims under state law.  However, in that plaintiff's federal claims are being dismissed, it is appropriate for the Court to decline to exercise supplemental jurisdiction over any state law claims.  See 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim ... if ... the district court has dismissed all claims over which it has original jurisdiction."); see also Jackson v. Mizzel, 361 Fed. App'x 622, 627 (5th Cir. 2010) ("Because [the plaintiff] states not one valid federal claim, the district court properly declined jurisdiction over his Louisiana causes of action."); Bass v. Parkwood Hospital, 180 F.3d 234, 246 (5th Cir. 1999) ("When a court dismisses all federal claims before trial, the general rule is to dismiss any pendent claims.").

### **RECOMMENDATION**

It is therefore **RECOMMENDED** that plaintiff's federal civil rights claims be **DISMISSED WITH PREJUDICE** as frivolous, for failure to state a claim on which relief may be granted, and/or for seeking monetary damages against a defendant who is immune from such relief.

It is **FURTHER RECOMMENDED** that plaintiff's state law claims be **DISMISSED WITHOUT PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from

11

a failure to object.  28 U.S.C. § 636(b)(1); <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415,

1430 (5th Cir. 1996) (en banc).[7]

New Orleans, Louisiana, this twenty-fifth day of April, 2011.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

---

[7]    <u>Douglass</u> referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.